UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cindy S.,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:25-cv-293

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Plaintiff applied for Supplemental Security Income benefits in January 2022. Tr. 241–47. Her application was denied initially and on reconsideration. Tr. 119–40. She attended a hearing before an Administrative Law Judge ("ALJ"), who entered an unfavorable decision. Tr. 17–41. The Appeals Council declined to review the ALJ's decision, Tr. 1, and Plaintiff appealed it to this Court, Compl., ECF No. 1.

The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner of Social Security's ("Commissioner") decision. R&R, ECF No. 16. Plaintiff timely objected to that recommendation. Obj., ECF No. 17.

### I.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b).

## II. ANALYSIS

In her Statement of Specific Errors, Plaintiff argued that the ALJ erred in omitting from the Residual Functional Capacity ("RFC") a requirement that Plaintiff elevate her legs (presumably to heart level) and erred by failing to explain the supportability and consistency of medical opinion evidence stating that Plaintiff must elevate her legs. Stmt. Errors 14–19, ECF No. 14.

The R&R considered the purported errors in reverse order, concluding that both lacked merit. R&R, ECF No. 16. The Magistrate Judge first concluded that the ALJ did not err in his evaluation of the medical opinion evidence because the need to elevate Plaintiff's legs (to heart level or otherwise) was not included in any "medical opinion," as the regulations define that term. *Id.* at 6–7 ("Although the ALJ was required to consider these treatment notes as part of the record when assessing Plaintiff's RFC, he was not required to articulate findings about their supportability or consistency because they were not medical opinions."). Thus, as the statements did not amount to "medical opinion[s]," the ALJ was not required to discuss the supportability and consistency factors outlined in 20 C.F.R. § 416.920c(b)(2) or otherwise analyze those statements as medical opinions.

As for the RFC, the Magistrate Judge concluded that the ALJ did not err in omitting a leg-elevation requirement because it was clear that the ALJ considered Plaintiff's leg swelling and elevation treatment, and "no medical provider opined that Plaintiff's edema caused work-related functional limitations or that she

needed to elevate her feet to waist level during the workday or even that she needed to elevate her legs daily." R&R 8, ECF No. 16. Moreover, the Magistrate Judge noted, other record evidence demonstrated that Plaintiff's edema was intermittent. *Id.* at 8–9.

Plaintiff objects on both scores. First, she objects to the Magistrate Judge's conclusion that the treatment notes indicating a need for leg elevation do not amount to medical opinions. Obj. 2, ECF No. 17. Plaintiff acknowledges that the Magistrate Judge cited the correct definition of "medical opinion," 20 C.F.R. § 416.913(a)(2), but she contends that the Magistrate Judge misapplied the definition. Obj. 2–3, ECF No. 17.

Second, Plaintiff objects to the Magistrate Judge's conclusion regarding the ALJ's failure to include a leg-elevation requirement in the RFC. *Id.* at 3–4.

Finally, Plaintiff argues that the errors are not harmless. *Id.* at 4–5.

Upon *de novo* review, the Court agrees with the R&R.

A.  **Medical Opinion Evidence**

Turning first to the ALJ's evaluation of the medical opinion evidence, the Court agrees that the notes to which Plaintiff cites do not qualify as medical opinions.

20 C.F.R. 416.920c states, in pertinent part, "[w]hen a medical source provides one or more medical opinions . . . we will consider those medical opinions . . . using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." Moreover, the ALJ must explain how he considered the

two most important of those factors—supportability and consistency—in determining the persuasiveness of a medical opinion. 20 C.F.R. § 416.920c(b)(2). A "medical opinion," in turn, is defined as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the abilities listed in paragraphs . . . of this section." 20 C.F.R. § 416.913(a)(2).

The first record Plaintiff cites is a treatment note by Certified Physician Assistant ("PA-C") Alena Weldy, documenting Plaintiff's January 13, 2022, office visit. Tr. 407. The note concludes with a summary of Plaintiff's "Care Plan[,]" which includes the following statement: "Discussed good edema control with compression, low salt, and elevation when NWB[1] and at night/rest." *Id.* (footnote added).

The second record Plaintiff cites is composed of two office notes from her cardiologist's office.[2] Those notes are from an April 2022 and a May 2022 cardiology visit, and the "Clinical Notes" about Plaintiff's ongoing edema concerns in each note state, "Elevate feet while sitting, avoid salty foods." Tr. 695–96.

---

[1] NWB stands for "not weight bearing."
[2] One note appears to be from her cardiologist, Dr. Richard Bardales, Tr. 695, and the other appears to be from Certified Nurse Practitioner ("CNP") Delores Bardales, Tr. 697.

These statements are nothing more than confirmations that PA-C Weldy discussed with Plaintiff that elevation "when NWB and at night/rest"[3] is a method Plaintiff may employ to control her edema and that Dr. Bardales and CNP Bardales likewise advised Plaintiff to elevate her legs when sitting as manner of treating her edema. None of the statements is an opinion about what Plaintiff can do despite her edema or whether Plaintiff's edema causes any functional limitations or restrictions. They certainly do not specify that Plaintiff should elevate her legs for any specific amount of time, during any specific intervals, or to any specific height (including "to heart level," as Plaintiff repeatedly characterizes the alleged limitation). The Court therefore agrees with the Magistrate Judge that these sentences from the January 13, 2022, treatment note, the April 2022 treatment note, and the May 2022 treatment note do not meet the definition of a "medical opinion" that the ALJ was required to assess under §§ 416.920c(c)(1)–(c)(5) and explain for supportability and consistency.

Plaintiff attempts to discount the cases the Magistrate Judge cited, see R&R 7, ECF No. 16 (citing *Tina D. v. Comm'r of Soc. Sec.*, No. 3:22-cv-152, 2023 WL 2759861, at *5–6 (S.D. Ohio Apr. 3, 2023), and *Bobbie N.E. v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-524, 2022 WL 4151752, at *3 (S.D. Ohio Sept. 13, 2022)), by noting that, in those cases, the at-issue treatment notes were made outside of the alleged disability window. Obj. 2–3, ECF No. 17.

---

[3] Importantly, Plaintiff had admitted during that office visit that she slept in a chair with her legs down. Tr. 405.

The Court has reviewed those cases *de novo* and concludes that the timing of the notes in *Tina D.* and *Bobbie N.E.* was just one reason those courts upheld the Commissioner's decisions. The remainder of the analyses in those cases explain why the at-issue statements therein were "a routine treatment note that does not contain a medical opinion." *Tina D.*, 2023 WL 2759861, at *6; *see also Bobbie N.E.*, 2022 WL 4151752, at *4 ("These stray recommendations for Plaintiff to elevate her leg without any detail as to when or how long she should engage in this activity are too vague to constitute medical opinions or support specific functional limitations." (citation omitted)). Those analyses apply equally here and support the Magistrate Judge's recommendation.

In sum, the Court concludes on *de novo* review that the ALJ did not err by failing to explain the supportability and consistency of (or otherwise evaluate the persuasiveness of) the three cited statements regarding leg elevation because those statements do not amount to medical opinions.

**B.   Residual Functional Capacity**

Plaintiff next objects that, even if the leg-elevation recommendation is not a medical opinion, the ALJ erred by omitting it as a limitation from Plaintiff's RFC. Obj. 3–4, ECF No. 17. Specifically, she contends that the ALJ acknowledged Plaintiff's edema but noted that it was well controlled with conservative treatment, yet the ALJ ignored the fact that the very treatment controlling the edema entailed leg elevation. *Id.* Accordingly, Plaintiff contends, the ALJ employed circular reasoning: he essentially concluded that, because Plaintiff could control

her edema through leg elevation, Plaintiff's edema did not require leg elevation as a functional limitation. *Id.* Moreover, Plaintiff argues that a requirement that she elevate her legs to heart level would be work-preclusive. *Id.*

But, as discussed above, there is no evidence (other than Plaintiff's testimony) that a medical provider opined that Plaintiff should—let alone was required to—elevate her legs to heart level, and there is no evidence that any elevation was required outside of regularly scheduled breaks and lunch. To the contrary, the treatment notes discussed above provided only generally that Plaintiff should elevate her legs, and they did not include a recommendation for any specific duration, interval, or height.

And, under the existing RFC, Plaintiff can still abide by PA-C Weldy's recommendation that she elevate her legs at "night/rest," Tr. 407, without any restriction in work abilities, and she can presumably abide by PA-C Weldy's and the Bardales' recommendations to elevate her legs "when [non weight bearing]" or "while sitting," Tr. 407, 695–96, by elevating her legs during breaks, lunch, and while not working.

Plaintiff therefore fails to show that the ALJ erred by omitting leg elevation from the RFC. *See Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 170 (6th Cir. 2016) ("[T]he ALJ was not required to include a limitation for elevating legs in the RFC because, although there were some treatment records that mentioned leg elevation as a treatment for edema, no physician indicated that Sorrell's edema caused work-related functional limitations, and no medical expert opined

that Sorrell would need to elevate her feet to waist level during the workday or even every day.").

## III. CONCLUSION

For the above reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **AFFIRMS** the Commissioner's non-disability finding. The Clerk shall enter judgment for the Commissioner and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**